IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

WC HOMES, LLC          :
                       :
    v.                 :    Civil Action No. DKC 2009-1239
                       :
UNITED STATES OF AMERICA, :
et al.                 :
                       :

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this action to quiet title are a motion for summary judgment filed by Plaintiff against Defendant Olympia Funding, Inc. (Paper 27) and a motion for reconsideration filed by Defendant United States (Paper 28). The issues are fully briefed and the court now rules pursuant to Local Rule 105.6, no hearing being deemed necessary. For the reasons that follow, the motion for summary judgment will be granted and the motion for reconsideration will be denied

**I. Background**

This case concerns a property in Potomac, Maryland that was foreclosed upon and subsequently offered for sale. Plaintiff WC Homes, LLC filed a complaint against the United States and Olympia Funding, Inc. on May 12, 2009. The Clerk entered default against Olympia Funding, Inc. on June 23, 2009 for want of answer or other defense (Paper 8), but the court declined to

enter any judgment at the time.  This court granted Plaintiff's motion for summary judgment against the United States on March 22, 2010, and required Plaintiff to file a motion for default judgment or summary judgment against Olympia Funding, which it has done.  (Paper 27).  Several months after the court issued its decision the United States filed a motion for reconsideration that is now pending.  (Paper 28).

There is no dispute regarding the facts of the case.  The property in this case is located at 14000 River Road and was acquired by Michael Beavers on June 29, 1998.  His deed was recorded on July 9, 1998.  On September 19, 2002 a Federal tax assessment was made against Mr. Beavers.  On September 28, 2006, Mr. Beavers executed a promissory note to Washington Mutual Bank, FA, ("Washington Mutual"), secured by a deed of trust for the Potomac property.  On October 17 and October 24, 2006, notices of the Federal lien, each in the amount of $200,108.03, were filed against Mr. Beavers in the office of the Montgomery County Clerk.  Several months later, on February 7, 2007, Washington Mutual recorded its deed of trust in the office of the Montgomery County Clerk.

On July 25, 2007, Washington Mutual initiated a foreclosure action against Mr. Beavers in the Circuit Court for Montgomery County, and the United States was not named as a defendant in

the suit. A nonjudicial foreclosure sale was held on September 11, 2007, and Washington Mutual purchased the property. On December 19, 2007, the deed was conveyed to Washington Mutual and it was recorded on January 24, 2008. On March 18, 2008, Washington Mutual conveyed the deed to Plaintiff. The deed was recorded on May 13, 2008. Through this action, Plaintiff is trying to quiet title.

**II. Motion for Reconsideration**

    **A. The Court's Previous Ruling**

The court's previous memorandum opinion found that Plaintiff had the superior claim to the title of the property, after determining that Plaintiff's claim took priority because the Washington Mutual deed was a security interest under federal law at the time the tax liens were filed. (Paper 25). Pursuant to 26 U.S.C. § 6323(a), a tax lien "shall not be valid as against any . . . holder of a security interest . . . until notice thereof . . . has been filed by the Secretary." A security interest exists

> (A) if, at such time, the property is in existence and the interest has become protected under local law against a subsequent judgment lien arising out of an unsecured obligation, and (B) to the extent that, at such tie, the holder has parted with money or money's worth.

26 U.S.C. § 6323(h)(1).

The tax liens in this case were assessed on September 19, 2002. Notices of the assessment were filed on October 17 and 24, 2006. "Liens created by 26 U.S.C. § 6321 become 'valid' as against third parties upon the IRS's filing notice of the lien in any recording office within the state in which the property is located." *United States v. Gold*, 178 F.3d 718, 721 (4th Cir. 1999). Between the Federal tax assessment date and the dates on which the Federal tax liens were filed, Beavers executed a promissory note to Washington Mutual secured by the deed, which was recorded in February 2007.

The question for the court was whether Plaintiff's predecessor, Washington Mutual, was a "holder of a security interest" as of the time the tax liens were filed. Under Maryland law, it was because, according to Md. Code Ann., Real Prop. § 3-201, the deed of trust, once recorded took effect as of its date of delivery, as against "every creditor of the grantor with or without notice." A judgment lien would be held by a creditor of the grantor. Therefore, Plaintiff held a priority interest.

Finally, the court held that because Plaintiff's predecessors had followed the procedures set forth in 26 U.S.C. § 7425 and provided adequate notice to the United States about

4

the non-judicial foreclosure sale, the tax liens were extinguished at the foreclosure sale.

**B. Analysis**

The United States now asks the court to reconsider its ruling in light of a federal regulation that it inadvertently neglected to bring to the court's attention. It notes that it "failed to alert the Court to the applicable regulation implementing section 6323, particularly the portion which sets forth the circumstances under with a security interest is protected against a subsequent judgment lien[.]" (Paper 28, at 3).

The United States argues that 26 C.F.R. § 301-6323(h)-1(a)(2)(i), is relevant and must be considered. The section cited is merely definitional, and recites that the definitions apply for purposes of the regulations themselves, in §§ 301.6323(a)-1 through 301.6324-1.

The claim in this case involves interpretation and application of a federal statute. It is axiomatic that:

> When interpreting statutes we start with the plain language." *U.S. Dep't of Labor v. N.C. Growers Ass'n*, 377 F.3d 345, 350 (4th Cir. 2004). Under the first and "cardinal canon" of statutory construction, "courts must presume that a legislature says in a statute what it means and means in a statute what it says." *Conn. Nat'l Bank v. Germain*, 503 U.S. 249, 253-54, 112 S.Ct. 1146, 117 L.Ed.2d 391 (1992). Accordingly, when a statute is

5

unambiguous, "this first canon is also the last: 'judicial inquiry is complete.' " *Id.* at 254, 112 S.Ct. 1146 (quoting *Rubin v. United States*, 449 U.S. 424, 430, 101 S.Ct. 698, 66 L.Ed.2d 633 (1981)); *United States v. Pressley*, 359 F.3d 347, 349 (4th Cir. 2004). Courts will not, however, adopt a "literal" construction of a statute if such interpretation would thwart the statute's obvious purpose or lead to an "absurd result." *Chesapeake Ranch Water Co. v. Board of Comm'rs of Calvert County*, 401 F.3d 274, 280 (4th Cir.2005).

*Stone v. Instrumentation Laboratory Co.*, 591 F.3d 239, 243 (4th Cir. 2009). Furthermore,

> Only when a statute is silent or ambiguous regarding the precise question at issue is it appropriate to defer to an administrative agency's interpretative regulations and only then if such interpretation is reasonable. *Midi v. Holder*, 566 F.3d 132, 136-37 (4th Cir.2009); *Yashenko v. Harrah's NC Casino Co.*, 446 F.3d 541, 549 n. 1 (4th Cir.2006). If the plain language of the statute resolves the question and "the intent of Congress is clear, that is the end of the matter; for the court, as well as the agency, must give effect to the unambiguously expressed intent of Congress." *Chevron U.S.A. Inc. v. Natural Res. Def. Council, Inc.*, 467 U.S. 837, 842-43, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984).

*Id.*, 591 F.3d at 243. To the extent that the regulation is being cited as amending or restricting the statute, the effort must be rejected. As the Supreme Court stated, "[f]or regulations, in order to be valid must be consistent with the statute under which they are promulgated." *United States v.*

6

*Larionoff*, 431 U.S. 864, 873 (1977). Certainly, a "regulation cannot change the statute." *Public Lands Council v. Babbitt*, 529 U.S. 728, 745 (2000). Thus, to the extent that the United States relies on the definition in the regulation of "security interest" in a way that conflicts with the definition in the statute, the argument lacks merit.

Like 26 U.S.C. § 6323(h)(1), 26 C.F.R. § 301.6323(h)-1(a) defines "security interest" as "any interest in property acquired by contract for the purpose of securing payment or performance of an obligation or indemnifying against loss or liability." It goes on, however, to provide that:

> A security interest exists at any time—
>
> (i) If, at such time, the property is in existence and the interest has become protected under local law against a subsequent judgment lien (**as provided in subparagraph (2) of this paragraph (a)))** arising out of an unsecured obligation; and
>
> (ii) To the extent that, at such time, the holder has parted with money or money's worth **(as defined in subparagraph (3) of this paragraph (a)).**

The sections in bold do not appear in the statute. The provisions in subparagraph (2), referenced above, are:

7

> For purposes of this paragraph, a security interest is deemed to be protected against a subsequent judgment lien on –
>
>> (A) the Date on which all actions required under local law to establish the priority of a security interest against a judgment lien have been taken, or
>>
>> (B) If later, the date on which all required actions are deemed effective, under local law, to establish priority of the security interest against a judgment lien.
>
> For purposes of this subdivision, the dates described in (A) and (B) of this subdivision (i) shall be determined without regard to any rule or principle of local law which permits the relation back of any requisite action to a date earlier than the date on which the action is actually performed.

This part of the regulation is cited by the United States as a restriction on the definition of security interest found in the code itself in that it would require ignoring a portion of local law. The United States apparently argues that Maryland law uses the relation back mechanism which is supposed to be ignored under the regulations for purposes of determining whether the Washington Mutual deed was a security interest at the time the tax liens were filed.

The relevant local law is Md. Code Ann., Real Prop. § 3-201 which provides:

> The effective date of a deed is the date of delivery, and the date of delivery is

> presumed to be the date of the last acknowledgment, if any, or the date stated on the deed, whichever is later. Every deed, when recorded, takes effect from its effective date as against the grantor, his personal representatives, every purchaser with notice of the deed, and every creditor of the grantor with or without notice.

The United States argues that the above federal regulation means that the deed was not protected against a subsequent judgment lien until February 2007, when it was recorded, because that was the date on which "all actions" required had been taken.

This argument must be rejected. The statute is not ambiguous. It states that a tax lien is not valid as against a holder of a security interest "protected under local law against a subsequent judgment lien arising out of an unsecured obligation." Local law in this instance is Maryland law. Whatever purpose the definition in the regulation is supposed to serve, it cannot be used to interpret the statute. Thus, the motion for reconsideration will be denied.

9

**III. Motion for Summary Judgment**

Plaintiff has moved for judgment as against Defendant Olympia Funding, arguing that Olympia's junior lien was extinguished by the ratification of the foreclosure sale.

**A.  Standard**

It is well established that a motion for summary judgment will be granted only if there exists no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.  *See* Fed.R.Civ.P. 56(f); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Emmett v. Johnson*, 532 F.3d 291, 297 (4th Cir. 2008).  In other words, if there clearly exists factual issues "that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party," summary judgment is inappropriate.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); *JKC Holding Co. LLC v. Washington Sports Ventures, Inc.*, 264 F.3d 459, 465 (4th Cir. 2001).

When ruling on a motion for summary judgment, the court must construe the facts alleged in the light most favorable to the party opposing the motion.  *See Scott v. Harris*, 127 S.Ct. 1769, 1774 (2007); *Emmett,* 532 F.3d at 297.  A party who bears the burden of proof on a particular claim must factually support each element of his or her claim.  *Celotex Corp.*, 477 U.S. at

323. "[A] complete failure of proof concerning an essential element . . . necessarily renders all other facts immaterial." *Id*. Thus, on those issues on which the nonmoving party will have the burden of proof, it is his or her responsibility to confront the motion for summary judgment with an affidavit or other similar evidence in order to show the existence of a genuine issue for trial. *See Anderson*, 477 U.S. at 254; *Celotex Corp.*, 477 U.S. at 324. "A mere scintilla of proof, however, will not suffice to prevent summary judgment." *Peters v. Jenney*, 327 F.3d 307, 314 (4th Cir. 2003). There must be "sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Anderson*, 477 U.S. at 249. "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Id*. at 249-50. (citations omitted).

**B. Analysis**

In its previous memorandum opinion the court found that the Olympia Funding deed was junior in priority to the Washington Mutual deed now held by Plaintiff. (Paper 25, at 19). The court determined, however, that judgment could not be entered because Plaintiff had not shown that the nonjudicial foreclosure sale had extinguished the Olympia Funding deed. (*Id*.). Plaintiff has now filed a renewed motion for summary judgment

against Olympia Funding to establish that Plaintiff holds an unencumbered title to the property in question. Olympia Funding, already held to be in default by this court, has not responded.

Plaintiff argues that because Olympia Funding's deed was junior in priority, it was extinguished during the foreclosure sale on the Washington Mutual deed of trust. The Court of Special Appeals of Maryland has said that

> When a first mortgage is foreclosed, the surplus of the proceeds of sale, after payment of the foreclosing mortgagee's claim and expenses, is distributed equitably among those claiming an interest in the equity of redemption. Maryland Rule W75(a); see *Metcalfe v. Canyon,* 318 Md. 565, 569, 569 A.2d 669 (1990). Regardless of whether there are sufficient surplus proceeds available to be applied to any junior lien, all junior liens are extinguished upon the foreclosure of a more senior lien. *Cf. Island Financial, Inc. v. Ballman,* 92 Md.App. 125, 131, 607 A.2d 76 (1992) (ratification of the foreclosure sale of a first mortgage has the ultimate effect of nullifying second mortgage holder's interest in the property).

*Levenson v. G.E. Capital Mortgage Services, Inc.*, 101 Md.App. 122 (1994), rev'd on other grounds, *G.E. Capital Mortgage Services, Inc. v. Levenson*, 338 Md. 227 (1995). Because Olympia Funding held a junior lien, when the foreclosure sale was ratified without exception on the part of Olympia Funding, title

to the property passed free and clear of all junior encumbrances to Washington Mutual Bank.

**III. Request to Quiet Title**

Plaintiff asks the court to quiet title with respect to the property in question in this case, as to both Olympia Funding's claim and the claim by the United States. Because both claims were extinguished by the ratification of the foreclosure sale, they no longer encumber the property and Plaintiff holds title to the property free and clear.

**IV. Conclusion**

For the foregoing reasons, the motion for reconsideration filed by the United States will be denied, and the motion for summary judgment filed by Plaintiff will be granted. A separate Order will follow.

                                                  /s/
                            DEBORAH K. CHASANOW
                            United States District Judge